# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-21-95-D |
| ) | |
| DIJON CORNELIUS SHEPARD, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court is Defendant Dijon Cornelius Shepard's Motion for Early Termination of Supervised Release [Doc. No. 308]. The government filed a Response in Opposition [Doc. No. 324]. Defendant is currently serving a three-year term of supervised release that, according to the government, began on or about August 5, 2023.

In his Motion, Defendant states that, since starting his term of supervised release, he has "strictly adhered to all conditions imposed by the court." Def.'s Mot. at 1. Defendant also states that he has "consistently met with [his] probation officer(s), maintained open lines of communication, completed all required programs, made timely restitution payments, and secured stable employment." *Id.* Further, Defendant has "moved into [his] own residence, remained crime-free, and [has] had no interactions with law enforcement." *Id.* However, despite his apparent compliance with the requirements of his supervised release, Defendant has "encountered challenges in obtaining higher-paying employment due to the disclosure of [his] probation status in background checks, which has led to job

rejections." *Id.* Because of this, Defendant seeks early termination of his supervised release. *Id.*

In response, the government states it has consulted with "both the assigned Supervisory U.S. Probation Officer here in the Western District of Oklahoma, as well as the assigned Supervisory U.S. Probation Officer in the Central District of California, where Mr. Shepard is currently being supervised." Gov't Resp. at 2. Due to Defendant recently securing a new residence and an unresolved, outstanding California warrant, both probation officers oppose early termination of Defendant's supervised release. *See id.*

A district court has discretionary authority to terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervision if, after considering certain § 3553 factors, the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) (quoting § 3583(e)(1) and noting that "[w]hether to grant a motion to terminate a term of supervised release . . . is a matter of sentencing court discretion").

Upon consideration of Defendant's Motion, and in light of the information provided by the government, the Court finds that early termination of Defendant's term of supervised release is not warranted at this time. The Court commends Defendant for the progress that he has made during his period of supervision and encourages him to continue his positive efforts. The Court finds that Defendant's current request should be denied without prejudice to resubmission at an appropriate time in the future.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Early Termination of Supervised Release [Doc. No. 308] is **DENIED** without prejudice to resubmission, as set forth herein.[1]

**IT IS SO ORDERED** this 16th day of October, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] Defendant's Motion to Reconsider Probation Early Termination [Doc. No. 306] is denied as moot.

3